# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10731

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2015

Lyle W. Cayce
Clerk

LITTLE PENCIL, L.L.C.; DAVID L. MILLER,

Plaintiffs - Appellants

v.

LUBBOCK INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CV-14

ON PETITION FOR REHEARING

Before JOLLY and DENNIS, Circuit Judges, and RAMOS,* District Judge.

PER CURIAM:**

     We deny the petition for rehearing en banc, but grant panel rehearing. We withdraw our earlier opinion, which adopted the reasoning of the district court and affirmed the dismissal of the complaint. We now substitute therefor the following, which also dismisses the complaint but not for the all-inclusive reasons asserted by the district court:

---

    * District Judge of the Southern District of Texas, sitting by designation.

    ** Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10731

The plaintiffs seek to display an image and website address on the jumbotron at the Lubbock Independent School District ("LISD") football field. LISD refused to allow the ad for several reasons. Shortly thereafter, the plaintiffs sued LISD under 42 U.S.C. § 1983, claiming multiple violations of the First and Fourteenth Amendments. After reviewing the evidence, the district court granted summary judgment in favor of LISD.

The plaintiffs appealed. Having studied the record and briefs, and having heard the oral argument of the parties, we AFFIRM the district court's grant of LISD's motion for summary judgment and dismissal of the complaint.

We hold that the football field was a limited public forum and LISD's content-based, viewpoint-neutral limitations were reasonable in the light of a Texas law against tattoo parlors serving minors and LISD policies against visible tattoos. Consequently, we find no reversible error in the district court's conclusion that LISD's subject-matter limitations on the jumbotron were constitutional. *See Christian Legal Soc. Chapter of the Univ. of Cal., Hastings Coll. of the Law v. Martinez (CLS)*, 561 U.S. 661, 685 (2010) (explaining that the regulation must be "reasonable in light of the purposes of the forum"); *Cornelius v. NAACP Legal Defense & Ed. Fund, Inc.*, 473 U.S. 788, 806 (1985) (holding that an exclusion must be "reasonable in light of the purpose served by the forum").

The plaintiffs' Establishment Clause claim fails because LISD may legitimately exclude the ad for its tattoo content without a "risk [of] fostering a pervasive bias or hostility to religion, which could undermine the very neutrality the Establishment Clause requires." *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 845–46 (1995). That LISD permitted other religious organizations to advertise evidences that it fosters no such hostility. And, in the light of these other ads, no reasonable observer could conclude that excluding the ad endorsed irreligion over religion. *See Doe v.*

*Santa Fe Indep. Sch. Dist.*, 168 F.3d 806, 814 (5th Cir. 1999) (explaining the Endorsement Test).

Furthermore, as stated by the district court, the plaintiffs' Fourteenth Amendment Due Process and Equal Protection rights were not violated because "the jumbotron is a limited public forum and [LISD] has offered a rational basis for rejecting the advertis[ement]." We find no reversible error in the district court's conclusion that the plaintiffs failed to identify a "life, liberty, or property" interest that had been denied without due process because "the [LISD] Superintendent, with advice and counsel, is sufficiently restrained by First Amendment law to prevent abuse by 'unfettered discretion.'"

With respect to the plaintiffs' Free Exercise claim, we find no reversible error in the district court's conclusion that the plaintiffs' arguments were "advanced under the [incorrect] premise that the forum was a [designated] public forum for the free expression of ideas and views." Given the limited nature of the forum, and the tattoo content in the ad, LISD could exclude the ad. Moreover, there was no compulsion of, or punishment for, religious belief; nor was there a substantial burden placed upon religiously-motivated conduct. *See Emp't Div., Dept. of Human Res. of Or. v. Smith*, 494 U.S. 872, 876–77, 882–83 (1990) (citing *Sherbert v. Verner*, 374 U.S. 398 (1963)). Finally, we hold that the district court did not abuse its discretion in denying Little Pencil's request for leave to supplement the record.

The judgment of the district court dismissing the complaint is, therefore, AFFIRMED.

AFFIRMED.